**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 18**

Docket No. DC-315H-18-0729-I-1

**Troy J. Stewart,**

**Appellant,**

**v.**

**Department of Transportation,**

**Agency.**

May 16, 2023

Kristin D. Alden, Esquire, Washington, D.C., for the agency.

Justine Casselle and Stephen Andrew Hench, Washington, D.C., for the
  agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**OPINION AND ORDER**

¶1    The agency has filed a petition for review of the initial decision that
reversed the appellant's involuntary separation on due process grounds.  For the
reasons discussed below, we DENY the petition for review.  Except as expressly
MODIFIED by this Opinion and Order to clarify that the administrative judge
lacked the authority to address interim relief in an erratum, we AFFIRM the
initial decision.

BACKGROUND

¶2        Effective January 22, 2017, the agency awarded the appellant a career-conditional appointment in the competitive service to the position of GS-12 Safety Recall Specialist, subject to a 1-year initial probationary period. Initial Appeal File (IAF), Tab 25 at 6-7, 18; *see* 5 C.F.R. § 315.801(a).  The appellant's work schedule was Monday through Friday, 7:00 a.m. to 3:30 p.m. IAF, Tab 9 at 16.   As the anniversary of the appellant's appointment was approaching, on January 11, 2018, the Recall Management Division Chief recommended that he be terminated for postappointment reasons.  IAF, Tab 29 at 13-14.  She informed the appellant that, unless he resigned his position on or before January 15, 2018, he would be terminated.  IAF, Tab 35, Hearing Compact Disc (HCD) at 11:55 (testimony of the Division Chief).  On January 16, 2018, the appellant tendered his letter of resignation, to be effective Monday, January 22, 2018.   IAF, Tab 29 at 15; HCD at 16:25 (testimony of the Division Chief), 1:13:45 (testimony of the appellant).

¶3        The Division Chief notified the Office of Human Resources of the impending resignation and stated that the termination action would no longer be necessary.  IAF, Tab 29 at 18.  However, the Office of Human Resources advised that the resignation date could not be January 22 because, by that date, the appellant's probationary period would have expired.  *Id.* at 17-18; HCD at 49:00 (testimony of the Lead Employee and Labor Relations Specialist).  The Division Chief therefore requested that the appellant change his resignation date to Friday, January 19, 2022, and complete a Standard Form (SF)-52 requesting a resignation action on that date.  IAF, Tab 29 at 16-17; HCD at 18:35 (testimony of the Division Chief), 1:15:20 (testimony of the appellant).  The appellant, however, declined to change the date of his resignation.  HCD at 51:20 (testimony of the Lead Employee and Labor Relations Specialist), 1:19:20 (testimony of the appellant).  At the end of his tour of duty on January 18, 2018, the appellant returned at least some of his agency-issued equipment, including his laptop, and

his personal identity verification card. HCD at 53:35 (testimony of the Lead Employee and Labor Relations Specialist), 1:21:55 (testimony of the appellant).

¶4 The following day, Friday, January 19, 2018, was the final regularly scheduled workday in the appellant's probationary period. On that date, the Office of Human Resources obtained the signatures from the relevant officials and completed the paperwork necessary to effect the termination action. IAF, Tab 9 at 13-14, 25; HCD at 55:45 (testimony of the Lead Employee and Labor Relations Specialist). However, the appellant was not in the office that day because he had taken sick leave scheduled in advance. IAF, Tab 9 at 16; HCD at 1:23:45 (testimony of the appellant). The agency elected to deliver the termination notice to him by email at his work email address, and by overnight delivery to his home address. IAF, Tab 9 at 14-15, 26; HCD at 56:10 (testimony of the Lead Employee and Labor Relations Specialist). The agency processed the appellant's termination, effective January 19, 2016. IAF, Tab 25 at 25; HCD at 57:40 (testimony of the Lead Employee and Labor Relations Specialist). The appellant received notice of his termination by overnight delivery the following day. HCD at 1:24:35 (testimony of the appellant).

¶5 The appellant filed a Board appeal, and after a hearing, the administrative judge reversed his termination on due process grounds. IAF, Tab 36, Initial Decision (ID). She found that the agency was required to effect any termination action prior to the end of the appellant's tour of duty on January 19, 2018, at 3:30 p.m., but that there was no credible evidence that the agency notified the appellant prior to that date and time that he was being terminated from his position during his probationary period. ID at 10. She further found that, because the appellant's separation amounted to an adverse action under 5 U.S.C. chapter 75, and the agency took that action without prior notice and an opportunity to respond, the agency violated the appellant's right to due process. ID at 10-11. The administrative judge found that the appeal was filed outside the

30-day regulatory deadline, but she waived the deadline for good cause shown. ID at 11-12.

¶6    The agency has filed a petition for review, contesting the administrative judge's jurisdictional analysis and arguing that it lacked sufficient opportunity to develop the record on several issues. Petition for Review (PFR) File, Tab 1. The appellant has filed a substantive response to the petition for review and has requested that the petition be dismissed on interim relief grounds. PFR File, Tabs 4, 7. The agency has filed a reply to the appellant's response and an opposition to his request for dismissal.[1] PFR File, Tabs 6, 8.

## ANALYSIS

### The appellant was entitled to interim relief by operation of statute.

¶7    In appeals adjudicated under the procedures of 5 U.S.C. § 7701, the Board's authority to award interim relief derives from 5 U.S.C. § 7701(b)(2). If the appellant was the prevailing party in the initial decision, the initial decision must contain a statement as to whether interim relief is provided effective upon the date of the decision, pending the outcome of any petition for review filed by another party. 5 C.F.R. § 1201.111(b)(4). If the initial decision grants the appellant interim relief, any petition or cross petition for review filed by the agency must be accompanied by a certification that the agency has complied with the interim relief order either by providing the required interim relief or by

---

[1] Among other things, the agency contests the administrative judge's ruling on timeliness, arguing that it lacked sufficient opportunity to pursue discovery and present evidence and argument on the issue. PFR File, Tab 1 at 12-13. However, for the reasons explained in the initial decision, we agree with the administrative judge that the undisputed documentary evidence shows good cause for waiving the deadline. ID at 12. The agency failed to notify the appellant of his right to appeal its action, and the appellant diligently pursued his appeal rights once he discovered them. *See Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 14 (2007). The agency has not explained what information it hoped to obtain from further discovery that might warrant a different result.

satisfying the undue disruption requirements of 5 U.S.C. § 7701(b)(2)(A)(ii) and (B). 5 C.F.R. § 1201.116(a). An appellant may challenge an agency's certification of compliance with the interim relief order, and an agency's failure to establish compliance may result in the dismissal of its petition or cross petition for review. 5 C.F.R. § 1201.116(b)-(e).

¶8 In this case, the appellant was the prevailing party in the initial decision, but the initial decision was silent on the issue of interim relief. ID. Recognizing this omission, the administrative judge issued an erratum to correct the initial decision and order the agency to provide interim relief in the event that either party should file a petition for review. IAF, Tab 38.

¶9 As a threshold matter, we find it appropriate to clarify the source of the agency's interim relief obligation. The agency accurately points out that, under the Board's regulations, the initial decision should have addressed the interim relief issue explicitly and stated affirmatively either that interim relief was granted or not granted. PFR File, Tab 1 at 8; 5 C.F.R. § 1201.111(b)(4). Furthermore, we find that the administrative judge lacked authority to address the matter in an erratum. The Board's regulations proscribe strictly limited situations in which an administrative judge may retain jurisdiction after issuing an initial decision: To correct transcripts, to rule on motions for attorney fees and consequential or compensatory damages, to adjudicate petitions for enforcement, and to enter a settlement agreement into the record in an appeal in which the initial decision is not yet final. 5 C.F.R. § 1201.112(a). By custom, administrative judges may also issue traditional errata that correct typographical or other minor errors. To the extent that the erratum in this case would change the substance of the initial decision by ordering additional relief, it was outside the scope of the administrative judge's authority. *See Jackson v. U.S. Postal Service*, 73 M.S.P.R. 512, 517 (1997), *rev'd in part on other grounds on reopening*, 79 M.S.P.R. 46 (1998).

¶10　　Nevertheless, we agree with the appellant that, because the initial decision was silent on the issue of interim relief, he became entitled to interim relief by operation of statute.  PFR File, Tab 7 at 20-21.  The following statutory language provides interim relief by default:

> (A) If an employee or applicant for employment is the prevailing party in an appeal under this subsection, the employee or applicant shall be granted the relief provided in the decision effective upon the making of the decision, and remaining in effect pending the outcome of any petition for review under subsection (e), unless—
>
> > (i) the deciding official determines that the granting of such relief is not appropriate; or
> >
> > (ii)
> >
> > > (I) the relief granted in the decision provides that such employee or applicant shall return or be present at the place of employment during the period pending the outcome of any petition for review under subsection (e); and
> > >
> > > (II) the employing agency, subject to the provisions of subparagraph (B), determines that the return or presence of such employee or applicant is unduly disruptive to the work environment.

5 U.S.C. § 7701(b)(2)(A).　Based on this language, we hold that when an appellant is the prevailing party in an initial decision issued under 5 U.S.C. § 7701(b), but the initial decision is silent on the issue of interim relief, the agency is required to provide interim relief by operation of statute.  Generally, an agency may only be relieved of this obligation by an affirmative statement in the initial decision that interim relief is not required or by a showing of undue disruption.

¶11　　Notwithstanding this default rule, the expectation remains that the Board's administrative judges will provide an affirmative statement on interim relief as required under 5 C.F.R. § 1201.111(b)(4) when the appellant is the prevailing party.  However, an administrative judge's omission of such statement does not relieve the agency of its statutory interim relief obligation.  An agency that fails

to provide interim relief in such a case does so at its own peril and risks having its petition or cross petition for review dismissed. *See* 5 C.F.R. § 1201.116(e).

¶12    In any event, regardless of whether an initial decision contains or omits a required statement on interim relief, the Board will exercise its discretionary authority to dismiss an agency's petition or cross petition for review for failure to provide interim relief in light of all the relevant facts and circumstances. *See Guillebeau v. Department of the Navy*, 362 F.3d 1329, 1332-33 (Fed. Cir. 2004) (holding that, when an agency fails to comply with an interim relief order, dismissal of a petition for review by the Board is discretionary, not mandatory). Chief among these considerations will be whether the agency undertook good faith, diligent, and competent efforts to satisfy its interim relief obligation. *See Donovan v. Department of Veterans Affairs*, 70 M.S.P.R. 344, 348 (1996). Moreover, the Board has recognized certain situations in which interim relief may not be appropriate, even if the appellant is the prevailing party in the initial decision. These include but are not limited to retirement benefits cases and cases in which the appellant is currently receiving wage loss compensation benefits or a salary from another Federal agency. *See generally Norton v. Department of Veterans Affairs*, 112 M.S.P.R. 248, ¶ 6 (2009). If an administrative judge omits an interim relief statement in such a case, the agency should act in good faith according to the circumstances.

¶13    In this case, we find that the agency acted appropriately by providing interim relief despite the absence of a statement on interim relief in the initial decision. The agency's May 30, 2019 petition for review was accompanied by a certification stating that it had cancelled the appellant's termination and restored him to pay status effective April 26, 2019, the date of the initial decision. PFR File, Tab 1 at 19-20; *see* 5 C.F.R. § 1201.116(a). The certificate of compliance further represented that the appellant was expected to return to duty on June 10, 2019, pending discussions with the appellant and his representative about the specific position to which the appellant would return. PFR File, Tab 1 at 19. The

appellant argues that the agency's certification is insufficient because it is not supported by documentary evidence and the agency did not actually pay him or restore him to duty as it claims. PFR File, Tab 4 at 7-9. He further argues that the agency is not permitted to belatedly correct its noncompliance after the expiration of the deadline for filing a petition for review. *Id.* at 9-10.

¶14    Having reviewed the evidence of record, including the evidence that the agency provided in response to the appellant's request to dismiss the petition for review, we find that the agency has satisfied its interim relief obligation. Specifically, we find that the agency's certificate of compliance, signed under the penalty of perjury, constitutes competent evidence of its compliance with its interim relief obligations. PFR File, Tab 1 at 19-20; *see Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 18 (2007) ("Generally, a statement  signed under penalty of perjury and not rebutted is competent evidence of the assertions contained therein.") , *aff'd*, 301 F. App'x. 923 (Fed. Cir. 2008). The Board's regulations do not require that a certification of compliance be accompanied by corroborating documentary evidence.[2]    5 C.F.R. § 1201.116(a). Furthermore, although the appellant may not have actually received any of his interim relief pay by the petition for review filing deadline, actual payment by this deadline is not necessarily required. *Moore v. U.S. Postal Service*, 78 M.S.P.R. 80, 83 (1998). Rather, the agency satisfies its obligation by taking appropriate administrative action by the deadline that will result in the issuance of a paycheck for the interim relief period. *Id*. The record shows that the agency did so here. PFR File, Tab 6 at 13, 22. Finally, although the agency did not return the appellant to duty until June 10, 2019, which was after the May 31, 2019 deadline

---

[2] There is nothing to prevent an agency from submitting documentary evidence of compliance along with the certification if it so chooses. Additionally, if there is a challenge to the certification, the agency will have further opportunity to submit evidence of compliance. 5 C.F.R. § 1201.116(b).

for filing the petition for review, the record shows that the appellant specifically requested, on May 24, 2019, that the agency delay his return to duty until that date. PFR File, Tab 4 at 13. The appellant cannot argue that the agency's petition for review should be dismissed merely because it accommodated his request. For these reasons, we find that the agency exercised good faith, diligent, and competent efforts to provide the appellant with interim relief, and that by these efforts the appellant has received the full measure of interim relief to which he was entitled.

The appellant's termination was effected after he completed his probationary period.

¶15    On petition for review, the agency disputes the administrative judge's finding that the termination was not effective until after the appellant's 1-year probationary period expired. IAF, Tab 1 at 13-17. When an agency decides to terminate a probationary employee for postappointment reasons, "it shall terminate his services by notifying him in writing as to why he is being separated and the effective date of the action." 5 C.F.R. § 315.804(a). The plain meaning of the regulatory language indicates that the probationary employee is not terminated until he receives such notice since it is only "by notifying him in writing" that termination of his services is accomplished. *Lavelle v. Department of Transportation*, 17 M.S.P.R. 8, 15 (1983), *modified on other grounds by Stephen v. Department of the Air Force*, 47 M.S.P.R. 672 (1991). Probation ends when the appointee completes his scheduled tour of duty on the day before the anniversary date of his appointment. *Herring v. Department of Veterans Affairs*, 72 M.S.P.R. 96, 100 (1996); 5 C.F.R. § 315.804(b). An agency's failure to deliver written notice of termination prior to the end of the probationary period will generally foreclose the agency from taking a termination action under

5 C.F.R. part 315, subpart H.[3]   At that point, the appointee is no longer a probationer; he is an employee with adverse action appeal rights, and the agency may not involuntarily separate him for cause without the procedural protections of 5 U.S.C. § 7513, 5 U.S.C. § 4303, or 38 U.S.C. § 714, as applicable.  *See Johnston v. Small Business Administration*, 15 M.S.P.R. 709, 711 (1983), *modified on other grounds by Stephen v. Department of the Air Force*, 47 M.S.P.R. 672 (1991).  Separations from Federal employment are generally effective at midnight on the effective date unless another time is specified.  *Toyens v. Department of Justice*, 58 M.S.P.R. 634, 636 (1993); Office of Personnel Management, *The Guide to Processing Personnel Actions*, chapter 31-6 (March 2017), *available at* https://www.opm.gov/policy-data-oversight/data-analysis-documentation/personnel-documentation/processing-personnel-actions/gppa31.pdf.

¶16    In this case, the anniversary of the appellant's appointment was Monday, January 22, 2018.  IAF, Tab 25 at 7, 18.  The day before this anniversary was a Sunday, which was not a scheduled workday for the appellant.  IAF, Tab 9 at 16.  The Office of Personnel Management's regulations account for this specific situation:  "[W]hen the last workday is a Friday and the anniversary date is the following Monday, the probationer must be separated before the end of the tour of duty on Friday since Friday would be the last day the employee actually has to demonstrate further fitness for employment."  5 C.F.R. § 315.804(b); *see Ibrahim v. Department of Agriculture*, 51 M.S.P.R. 269, 271 (1991).  Because the appellant's tour of duty ended every day at 3:30 p.m., we find that any

---

[3] If an agency is unable to provide actual written notice to a probationary employee prior to the effective date and time of his termination, but makes intelligent and diligent efforts to do so, the termination notice will be deemed constructively received and the termination effected on the specified date and time notwithstanding the absence of actual written notification.  *Shaw v. United States*, 622 F.2d 520, 527-28 (Ct. Cl. 1980); *Lavelle*, 17 M.S.P.R. at 15.

probatory termination action would need to be effected before 3:30 p.m. on Friday, January 19, 2019. This is so despite the fact that the appellant was on paid sick leave that day. *See Herring*, 72 M.S.P.R. at 100.

¶17 Looking at the documentation surrounding the termination action, the SF-50 specifies January 19, 2018 as the effective date, but it does not specify a time of day. IAF, Tab 25 at 25. However, the termination notice itself states that the termination would "be effective at the close of business on January 19, 2018." IAF, Tab 9 at 13. Putting aside the issue of whether "close of business" can reasonably be interpreted as coinciding with the end of the appellant's scheduled tour of duty at 3:30 p.m., we find that a termination *at* the end of a probationer's final tour of duty does not satisfy the regulatory requirement that a termination be effected *before* the end of his final tour of duty. *See* 5 C.F.R. § 315.804(b). We find that this case is similar to *Johnston*, 15 M.S.P.R. at 710-11, in which the Board found that a termination action effective at the "close of business" on the last day of the appellant's probationary period occurred at the same time that the appellant completed his final tour of duty and was therefore not completed prior to the end of the probationary period as required. The Board has consistently followed this rule in other cases in which a termination is effected at the close of business on the last day of the appellant's probationary period. *E.g., Steinhoff v. Department of Veterans Affairs*, 101 M.S.P.R. 443, ¶ 6 (2006); *Johnson v. Department of the Interior*, 56 M.S.P.R. 549, 552 (1993). Therefore, we find that even if the agency in this case had actually or constructively delivered the termination notice to the appellant prior to the effective date and time stated in the notice, his separation would still not have been effected before he completed his probationary period.[4]

---

[4] In further support of our finding, we note the absence of any evidence that the agency cancelled any part of the appellant's sick leave on January 19, 2019. Instead, the

¶18    On petition for review, the agency argues that this case is controlled by *Honea v. Department of Homeland Security*, 118 M.S.P.R. 282 (2012), *aff'd*, 524 F. App'x 623 (Fed. Cir. 2013). PFR File, Tab 1 at 14-15. In *Honea*, the Board held that, when the evidence clearly establishes that the agency took all necessary actions prior to completion of the appellant's last probationary tour of duty to carry out his termination, its failure to identify in the notice letter the time at which the separation was to go into effect is not dispositive on the question of whether the appellant's termination was effected prior to the conclusion of his tour of duty. 118 M.S.P.R. 282, ¶ 10. In *Honea*, the agency delivered the appellant a termination notice on the last day of his probationary period, but it did not specify the time of day that the termination was to be effective. *Id.*, ¶¶ 4, 7. As discussed above, these situations normally activate the default rule that a separation will occur on midnight of the date specified. However, the agency in *Honea* not only delivered the appellant his termination notice, but it also collected all of his agency-issued equipment and escorted him off the premises before the end of his tour of duty. *Id.*, ¶ 7. The Board found that, notwithstanding the absence of a specific time in the termination notice, the agency's actions were sufficient to effect the termination before the end of the appellant's tour of duty. *Id.*, ¶ 10.

¶19    We agree with the appellant that the instant appeal is unlike *Honea* because the termination notice in this case was not silent as to the effective time of the termination; rather, it specified that the termination was to be effective at the close of business. PFR File, Tab 7 at 15-16; IAF, Tab 9 at 13. Even if the appellant turned in his agency-issued property as alleged, we find that the actions of the parties leading up to the termination were insufficient to overcome the specific language of the termination notice.

---

appellant's time and attendance records show that he was charged sick leave that day for his entire tour of duty. IAF, Tab 9 at 16.

The agency removed the appellant without due process.

¶20    On petition for review, the agency argues that it did not have a full and fair opportunity to litigate the due process issue below. IAF, Tab 1 at 10-11. The essential requirements of procedural due process are prior notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *Schmitt v. Department of Veterans Affairs*, 2022 MSPB 40, ¶ 18. In this case, the record shows that the appellant did not receive any prior notice whatsoever of the reasons for his separation, and consequently had no opportunity to respond. IAF, Tab 9 at 13-14, Tab 25 at 25. Because the agency's procedures for effecting the appellant's removal did not comport with his constitutional right to minimum due process, we agree with the administrative judge that the agency's action cannot be sustained. ID at 11; *see Sandoval v. Department of Agriculture*, 115 M.S.P.R. 71, ¶ 15 (2010).

¶21    The agency contests this finding, arguing that the proceedings below were limited to the issue of jurisdiction, and that the administrative judge abused her discretion by ruling on the due process issue before the agency could seek discovery or develop the record on the matter. PFR File, Tab 1 at 10-11. We agree with the agency that the administrative judge at least implied that she would make a ruling on jurisdiction before proceeding to the other issues in this appeal. IAF, Tab 8. Furthermore, the prehearing conference summary does not indicate that timeliness would be an issue at the hearing. IAF, Tab 31. Nevertheless, we find that all of the relevant evidence on due process is already in the record, and the agency has not explained what evidence it hoped to obtain from further discovery that would have any bearing on the issue. *See Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 451-52 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). Any error by the administrative judge in not conducting additional proceedings did not prejudice the agency's substantive rights. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

## The administrative judge did not err in ordering status quo ante relief.

¶22    The agency argues that the administrative judge also deprived it of the opportunity to submit evidence and argument on the proper scope of relief.  PFR File, Tab 1 at 11-12.  The agency argues that the appellant's resignation letter and his insistence on an effective date of January 22, 2018, indicate that even if the agency had not terminated him, he intended to leave the agency by then.  *Id.* Thus, the proper scope of relief might be limited.  As the agency correctly argues, in the unusual circumstance in which an employee would have been separated from service by means other than the action under appeal, the issue of status quo ante relief should be examined closely to avoid putting the appellant in a better position than he would have been absent the action under appeal.  *Id.*; *see Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶¶ 46-47 (2009).

¶23    Normally, specific questions about what an agency must do to effect status quo ante relief are more properly addressed in addendum proceedings.  *See Moncada v. Executive Office of the President*, 2022 MSPB 25, ¶ 39 n.9. However, under the particular circumstances of this case, we find it appropriate to address the issue at this time.  We have considered the agency's argument, but we find that the status quo ante relief ordered by the administrative judge was proper in scope.  ID at 12-13.  Although the appellant tendered his resignation to be effective the business day following the agency's termination action, the only reason he did so was to avoid termination in the first place.  Not only did the agency decline to accept the appellant's resignation, but by going through with the termination action, it took away the only incentive that the appellant had to resign.  *See Levy v. Department of Homeland Security*, 109 M.S.P.R. 444, (2008) (holding that an employee may withdraw a resignation at any time before its effective date unless the agency has a valid reason for refusing to permit the withdrawal); *see also* 5 C.F.R. § 715.202(b) ("Avoidance of adverse action proceedings is not a valid reason.").  This case is different from the situation in *Baldwin*, 111 M.S.P.R. 586, ¶¶ 46-47, in which the agency constructively

removed the appellant but had nevertheless issued a final decision effecting a removal for cause on the same date. In this case, the agency itself nullified both the impending resignation and the reasons for the resignation through its improper termination action. Under these circumstances, we find insufficient basis to limit the normal scope of status quo ante relief. Nor do we find that the agency has demonstrated prejudice with respect to its ability to present evidence and argument on this issue. *See Karapinka*, 6 M.S.P.R. at 127.

## ORDER

¶24     We ORDER the agency to cancel the appellant's termination and to restore the appellant effective January 19, 2018. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶25     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶26     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶27     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant

believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶28  For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

<u>Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:</u>

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.