## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CARLO JIMENEZ,<br>         Appellant, | DOCKET NUMBER<br>DA-315I-23-0199-I-1 |
|     v. | |
| DEPARTMENT OF HOMELAND<br>   SECURITY,<br>         Agency. | DATE: June 25, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Elizabeth Matta</u>, Esquire, and <u>Amanda Moreno</u>, Esquire, Houston, Texas, for the appellant.

<u>J. Douglas Whitaker</u>, Esquire, Omaha, Nebraska, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1     The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which dismissed for lack of jurisdiction this appeal of the agency's decision to return the appellant to his previous position during his supervisory probationary period. For the reasons discussed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, we GRANT the petition for review, DENY the cross petition for review, REVERSE the initial decision and the appellant's demotion, and REMAND the case to the regional office for further adjudication of the appellant's whistleblower reprisal claim in accordance with this Remand Order.

## BACKGROUND

¶2 Effective February 27, 2022, the agency promoted the appellant from his Deportation Officer (DO) position, GS-1801-12, Step 05, to a Supervisory Detention and Deportation Officer position, GS-1801-13, Step 02. Initial Appeal File (IAF), Tab 15 at 66. The Standard Form 50 (SF-50) documenting the appellant's promotion indicated that it was subject to the successful completion of a 1-year supervisory probationary period beginning on the same date. *Id.* Both positions were in the competitive service. *Id.* at 17, 66. On February 22, 2023, the agency advised the appellant that he had failed to successfully complete his supervisory probationary period due to unsatisfactory performance. *Id.* at 20-21. The agency further informed him that he would be reassigned to his former position, effective close of business February 24, 2023. *Id.* at 20.

¶3 The appellant filed a timely appeal of his demotion, arguing that his return to his lower-graded DO position did not occur prior to the end of his tour of duty on the last day before his anniversary date and, therefore, that he had completed his supervisory probationary period, and the Board has jurisdiction over this action as an appealable reduction in grade and pay. IAF, Tab 13 at 4, Tab 17 at 4-5. He also indicated that he was subjected to "disparate treatment" and that his demotion constituted whistleblower reprisal. IAF, Tab 1 at 3.

¶4 The administrative judge notified the appellant that the Board may lack jurisdiction over his demotion during his supervisory probationary period, apprised the appellant of his burdens to establish jurisdiction over the agency's action as an adverse action appeal, individual right of action (IRA) appeal, or by nonfrivolously alleging that the termination of his promotion was based on his

marital status or partisan politics, and afforded him an opportunity to submit further argument and evidence on jurisdiction. IAF, Tab 2 at 2-3, Tabs 3, 16. After both parties submitted responses, the administrative judge issued an initial decision, without holding the appellant's requested hearing, dismissing the appeal for lack of jurisdiction. IAF, Tabs 8-9, 11-15, 17-19, 21; Tab 1 at 2, Tab 23, Initial Decision (ID) at 1, 8. She found that the agency took all required steps necessary to end the supervisory appointment by February 25, 2023, before the appellant's 1-year anniversary. ID at 6-7. Therefore, she concluded that the appellant was not subjected to an appealable demotion under chapter 75, but, rather, was reassigned pursuant to 5 C.F.R. part 315, subpart I, before his initial appointment as a supervisor became final. ID at 7. She concluded that the Board lacks jurisdiction to review the appellant's reassignment under 5 C.F.R. § 315.908(b) because he did not allege that it was based on his marital status or partisan politics. *Id.* She further found that the Board lacks jurisdiction over the appellant's demotion as an IRA appeal because he did not prove that he exhausted his administrative remedies with the Office of Special Counsel (OSC). ID at 7-8.

¶5        The appellant has filed a petition for review, reasserting that the termination of his supervisor appointment was effective at 11:59 on February 25, 2023, after his 2:00 a.m. tour of duty. Petition for Review (PFR) File, Tab 1 at 7-8, 10-12. He asserts that he has now filed a whistleblower claim with OSC but does not claim he exhausted it. *Id.* at 13. The agency has filed a response and a cross petition for review, rearguing that the appellant's probationary period ended on February 26, 2023. PFR File, Tab 3 at 6-7. The appellant has filed an untimely response to the cross petition for review. PFR File, Tab 6. The Clerk's Office issued an untimeliness notice, to which the appellant responded. PFR File, Tabs 7-8.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge erred in finding that the appellant failed to nonfrivolously allege that he had completed his supervisory probationary period prior to his reassignment.</u>

¶6    Under 5 U.S.C. § 3321(a)(2) and 5 C.F.R. § 315.904(a), an employee in an initial appointment as a supervisor or manager in the competitive service is required to serve a probationary period as prescribed by the agency. *See Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶ 7 (2012). An employee who does not satisfactorily complete the supervisory probationary period shall be reassigned to a position of no lower grade and pay than the one he left to accept the supervisory position. 5 U.S.C. § 3321(b); *Burton*, 118 M.S.P.R. 210, ¶ 7; 5 C.F.R. § 315.907(a). A return to a lower-graded position under such circumstances is not appealable as a reduction-in-grade adverse action under chapter 75. *Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 11 (2012). Under these circumstances, an employee has Board appeal rights only if he claims that the agency's action was based on partisan political or marital status discrimination. *Burton*, 118 M.S.P.R. 210, ¶ 7; 5 C.F.R. § 315.908.

¶7    When the facts suggest that an appellant would have been a probationary supervisor at the time of the alleged reduction in grade or pay, to establish chapter 75 jurisdiction, he must show that either (1) he was not required to serve a supervisory probationary period, or (2) he completed his probationary period before the reduction in grade. *See Levy,* 118 M.S.P.R. 619, ¶ 11. Here, the appellant does not allege that his reassignment was based on partisan political reasons or marital status. He also does not dispute that he was required to serve a supervisory probationary period. Instead, he reargues that he completed the probationary period before his reduction in grade and, therefore, that the Board has jurisdiction over his demotion. PFR File, Tab 1 at 4; IAF, Tab 13 at 4, Tab 17 at 4-5, 8. For the following reasons, we agree with the appellant that his

demotion was effected after he completed his probationary period and, thus, that the Board has jurisdiction over his appeal.

¶8     A probationary period ends at the completion of the last day of the employee's tour of duty before his anniversary date. *Herring v. Department of Veterans Affairs*, 72 M.S.P.R. 96, 100 (1996); 5 C.F.R. § 315.804(b). A "tour of duty" is an employee's regularly scheduled hours and days of duty. *Hardy v. Merit Systems Protection Board*, 13 F.3d 1571, 1573 (Fed. Cir. 1994). For example, when the last workday is a Friday and the anniversary date is the following Monday, the agency must effectuate the personnel action before the end of the employee's tour of duty on Friday. 5 C.F.R. § 315.804(b). Separations from Federal employment are generally effective at the end of the day (midnight) on the effective date unless another time is specified. *Stewart v. Department of Transportation*, 2023 MSPB 18, ¶ 15; Office of Personnel Management, *The Guide to Processing Personnel Actions*, chapter 31, section 5, https://www.opm.gov/policy-data-oversight/data-analysis-documentation/personnel-documentation/processing-personnel-actions/gppa31.pdf (last visited June 25, 2024).

¶9     Here, the agency appointed the appellant to his position on February 27, 2022. IAF, Tab 15 at 66. Thus, his anniversary date was Monday, February 27, 2023. The record shows that the appellant's regular tour of duty was Monday through Friday, from 6:00 p.m., to 2:00 a.m. IAF, Tab 21 at 22. Accordingly, the administrative judge correctly found that to effect his demotion during his probationary period, the agency was required to demote him before the end of his last scheduled tour of duty, which was from 6:00 p.m. on Friday, February 24, 2023, until 2:00 a.m., Saturday, February 25, 2023. ID at 4.

¶10     In its cross petition for review, the agency reasserts that the administrative judge should have found that the appellant's supervisory probationary period ended at midnight on February 26, 2023 because there is no "weekend rule" in the plain reading of 5 C.F.R. § 315.905 in contrast to 5 C.F.R. § 315.804(b). PFR

File, Tab 3 at 6-7. It argues that the plain reading of 5 C.F.R. § 315.905 specifically delegates to the head of each agency the authority to determine the length of the supervisory probationary period. *Id.* at 7. We find this argument unpersuasive. As the administrative judge explained below, the Board held in *Bishop v. Department of Commerce*, 62 M.S.P.R. 138, 140 (1994), that the same rule for completion of an initial appointment in the competitive service applies to an initial appointment to a supervisory position. IAF, Tab 16 at 2-3. In so holding, the Board specifically rejected the agency's assertion "that 5 C.F.R. §§ 315.904 and .905 allow agencies to determine the length of probationary periods for supervisors and managers, and therefore that because it set one year as the applicable period, it is entitled to find that service of notice on the anniversary date suffices." *Bishop*, 62 M.S.P.R. at 140. Moreover, as mentioned above, OPM's guidance on processing personnel actions provides that an initial appointment probationary period ends at the end of the employee's tour of duty on the last work day of the probationary period. Office of Personnel Management, *The Guide to Processing Personnel Actions*, chapter 31, section 5, https://www.opm.gov/policy-data-oversight/data-analysis-documentation/ personnel-documentation/processing-personnel-actions/gppa31.pdf (last visited June 25, 2024); *see Stewart*, 2023 MSPB 18, ¶ 15. Therefore, we decline to disturb the administrative judge's finding that the agency was required to demote the appellant before the end of his last scheduled tour of duty, which was from 6:00 p.m. on Friday, February 24, 2023, until 2:00 a.m., Saturday, February 25, 2023. ID at 4.

¶11 On review, the appellant reasserts that the termination of his supervisory appointment was effective at 11:59 p.m. on February 25, 2023, after the end of his last tour of duty at 2:00 a.m. on February 25, 2023. PFR File, Tab 1 at 10; IAF, Tab 19 at 6. The administrative judge found that the agency's February 22, 2023 notice of demotion, which occurred prior to the end of the appellant's last tour of duty, was sufficient to meet the requirements of 5 C.F.R. § 315.907(c).

ID at 6. Looking at the documentation surrounding the demotion action, the SF-50 specifies February 25, 2023, as the effective date, but it does not specify a time of day. IAF, Tab 17 at 14. However, the demotion notice itself states that the demotion would be "effective close of business February 24, 2023." IAF, Tab 15 at 20. Putting aside the issue of whether "close of business" can reasonably be interpreted as coinciding with the end of the appellant's scheduled tour of duty at 2:00 a.m. on February 25, 2023, we find that a demotion *at* the end of a probationer's final tour of duty does not satisfy the regulatory requirement that a demotion be effected before the end of his final tour of duty. *See* 5 C.F.R. § 315.804(b); *see Stewart*, 2023 MSPB 18, ¶ 17 (finding that a termination action effective at the "close of business" on the last day of the appellant's probationary period occurred at the same time that the appellant completed his final tour of duty and was therefore not completed prior to the end of the probationary period as required); *see Johnston v. Small Business Administration*, 15 M.S.P.R. 709, 710-11 (1983) (same), *modified on other grounds by Stephen v. Department of the Air Force*, 47 M.S.P.R. 672 (1991). Therefore, we find that even though the appellant received the demotion notice prior to the effective date and time stated in the notice, the appellant's demotion was not effected before he completed his probationary period.[2]

We must reverse the agency's action because the appellant filed a timely appeal and the agency violated his due process rights by failing to comply with the procedures outlined in 5 U.S.C. § 7701.

¶12     Because the appellant was subjected to an appealable demotion action pursuant to 5 U.S.C. § 7512(3) and (4), he was required to file his Board appeal no later than 30 days after the effective date, if any, of the action being appealed,

---

[2] On review, the appellant resubmits a copy of the SF-50 documenting his demotion. IAF, Tab 17 at 14; PFR File, Tab 1 at 16. Evidence submitted on review that was included in the record below and considered by the administrative judge is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). In any event, we have considered the SF-50 that is contained in the record below to the extent that it is relevant to our findings here.

or 30 days after the date of his receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). Here, the appellant received the agency's decision on February 22, 2023, and filed his appeal on March 1, 2023. IAF, Tab 1, Tab 15 at 25. Thus, he timely filed his appeal fewer than 30 days after receiving the agency's decision.

¶13    Further, the agency failed to provide the appellant minimum due process, thus requiring reversal of the action. An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Here, the agency issued the demotion notice, effective close of business February 24, 2023, and did not provide the appellant an opportunity to respond. IAF, Tab 15 at 20-21. These procedures for effecting the separation did not comport with a tenured employee's constitutional right to minimum due process of law. *See Claiborne v. Department of Veterans Affairs*, 118 M.S.P.R. 491, ¶ 8 (2012). Accordingly, the agency's removal action must be reversed. *See Samble v. Department of Defense*, 98 M.S.P.R. 502, ¶ 14 (2005).

We remand the appeal for adjudication of the appellant's claim of whistleblower reprisal.

¶14    Below and on review, the appellant asserts that the agency was retaliating against him for reporting that his direct report "opened [a] knife inches from [the] [a]ppellant's face and pressed it against his computer monitor . . . at the Montgomery Processing Center (MPC), a weapon free environment." IAF, Tab 8 at 5; PFR File, Tab 1 at 5, 12-13. Because he has asserted a claim of whistleblower reprisal, he may be entitled to relief in addition to reversal of the agency's decision. 5 U.S.C. § 1221(g); *see Samble*, 98 M.S.P.R. 502, ¶ 15. Accordingly, this claim is not moot, and he is entitled to its adjudication.

5 U.S.C. § 7701; *see Samble*, 98 M.S.P.R. 502, ¶ 16. Thus, we remand the appeal for a hearing and adjudication on the merits of his affirmative defense of whistleblower reprisal. *See Samble*, 98 M.S.P.R. 502, ¶ 16.[3] Because the reduction in pay and grade must be reversed regardless of the outcome on remand, we will not delay in ordering the agency to reverse the action and provide appropriate back pay and benefits. *See Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 14 (2016).

**ORDER**

¶15    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

¶16    We ORDER the agency to restore the appellant to his GS-13 Supervisory Detention and Deportation Officer position, effective close of business February 24, 2023. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶17    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due,

_____

[3] The appellant's counsel has filed a motion to accept the appellant's response to the agency's cross petition for review, asserting that she timely served the response on the agency on October 24, 2023, ahead of the November 3, 2023 deadline, but was unable to upload the submission due to "rollout difficulties" she experienced with the Board's new e-Appeal system. PFR File, Tab 8 at 4. However, the appellant's counsel did not explain why she did not attempt to file the submission or contact the Board regarding any difficulties she was experiencing, prior to submitting the response to the Board via fax on November 27, 2023. Accordingly, we have not considered the appellant's response.

and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶18     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶19     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

FOR THE BOARD:
        *Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.