# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAYAN SOHBATZADEHLANBAR,
  Appellant,

v.

DEPARTMENT OF THE NAVY,
  Agency.

DOCKET NUMBER
SF-0752-18-0579-I-1

DATE: August 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brittany Sohbatzadehlanbar, Waimea, Hawaii, for the appellant.

Bora Kim and Jenny Masunaga, Pearl Harbor, Hawaii, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The undisputed facts as set forth by the administrative judge are as follows. Effective August 24, 2015, the appellant received an excepted-service appointment to the position of Electronics Engineer (Intern), GS-0855-07, with the Department of the Army pursuant to 5 C.F.R. § 213.3402(b), the Pathways Recent Graduates Program, not to exceed 2 years plus any agency extension of no more than 120 days. Initial Appeal File, Tab 17, Initial Decision (ID) at 2. Effective January 21, 2017, the appellant resigned from his position with the Department of the Army. *Id.* Effective January 23, 2017, the appellant received an excepted-service appointment to the position of Electronics Engineer, GS-0855-07, with the Department of the Navy, again pursuant to 5 C.F.R. § 213.3402(b), the Pathways Recent Graduates Program. *Id.* On May 9, 2018, the Department of the Navy issued the appellant a Notice of Termination, advising him that his appointment under the Pathways Recent Graduates Program had expired on August 23, 2017. *Id.* at 3.

As the administrative judge set forth, the Pathways Program was established in 2010 by Executive Order 13562 and replaced the Student Career Experience Program (SCEP) and the Federal Career Intern Program (FCIP). ID at 5. Appointments to the Pathways Recent Graduates Program may be for a period of up to 2 years, depending on the agency and position. 5 C.F.R.

§ 362.105(g). The duration of the recent graduate's appointment in the excepted service is a trial period. 5 C.F.R. § 362.303(f). After successfully completing the program, the recent graduate may be noncompetitively converted to a competitive service position. 5 C.F.R. 362.305. If the recent graduate accepts a new appointment under the Recent Graduates Program with another agency without a break in service, his time served under the previous agency's Recent Graduates Program is credited toward the program requirements for noncompetitive conversion eligibility to the competitive service and he does not begin a new period in the program upon moving to the new agency. 5 C.F.R. § 362.304. Service in the Pathways Program confers no right to further employment in either the competitive or excepted service. 5 C.F.R. § 362.107(f).

Here, the administrative judge found that the appellant's appointment under the Pathways Program was for a term of 2 years as set forth in his Standard Form 50 and the Department of the Navy's Memorandum of Understanding regarding its Pathways program.[2] ID at 2-3, 5. He further found that the appellant's Pathways appointment automatically terminated on August 23, 2017, when the Department of the Navy took no steps to convert him to the competitive service, and after August 23, 2017, the appellant worked without a valid appointment until his termination on May 9, 2018. ID at 6. Consequently, the administrative judge found that the appellant failed to nonfrivolously allege that he was subjected to an adverse action within the Board's jurisdiction because the termination of an appointment on the expiration date specified as a basic condition of employment at the time the appointment was made does not constitute an adverse action. *Id.* In light of his determination, the administrative judge declined to address whether

[2] The administrative judge found that the appellant had not begun a new 2-year period in the Pathways Program when he was hired by the Department of the Navy on January 23, 2017, without a break in service, but rather his time served under the Department of the Army's Pathways Program was credited toward the program requirements for noncompetitive conversion eligibility to the competitive service. ID at 6. To the extent the appellant argues that the administrative judge found that his appointments were not under the Pathways Recent Graduates Program, he is mistaken. Petition for Review File, Tab 1 at 7.

the appellant was an employee within the meaning of 5 U.S.C. § 7511(a)(1)(C). ID at 7.

In finding that the appellant failed to nonfrivolously allege that he suffered an adverse action, the administrative judge relied on *Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 10 (2011), and *Scull v. Department of Homeland Security*, 113 M.S.P.R. 287, ¶ 6 (2010). ID at 6. On review, the appellant argues that this was improper because such cases are distinguishable to the extent the appellants in those cases were terminated on or before the expiration of their appointments. Petition for Review (PFR) File, Tab 1 at 6.[3] We agree with the appellant that the facts of *Scull* and *Rivera* are different than those of his case. At the very least, the appellants in those cases did not continue to work and get paid after the expiration of their FCIP appointments.

However, we agree with the administrative judge that *Scull* and *Rivera* are instructive on two points of law. First, this type of appointment terminates upon its expiration unless the agency has taken affirmative steps to extend it or convert it to the competitive service.[4] *Rivera*, 116 M.S.P.R. 429, ¶ 9. Pathways is like FCIP in this regard; the Pathways regulations specifically provide that "[a]n agency wishing to convert a Pathways Participant [to a competitive service appointment] must . . . execute the required actions to do so." 5 C.F.R. § 362.107(f). Second, termination pursuant to the expiration of this type of appointment is generally not an adverse action appealable to the Board because it merely carries out the terms of the appointment.[5] *Scull*, 113 M.S.P.R. 287, ¶ 7;

---

[3] The appellant also contends that the administrative judge improperly relied on a case called *Locklear*. PFR File, Tab 1 at 6. However, we are unable to locate a citation to *Locklear* in the initial decision and the appellant has not provided a citation.

[4] The Pathways Recent Graduates Program allows for agency approved extensions of up to an additional 120 days beyond the 2-year mark. 5 C.F.R. §§ 362.105(g), 362.301. Because more than 120 days elapsed between August 23, 2017, and May 9, 2018, we do not reach the issue of whether the continuation of the working relationship constituted an "agency approved extension" under this regulation.

[5] In the case of a competitive service probationer, the employing agency's inaction at the end of the probationary period serves to confer the employee with career tenure.

*see* 5 C.F.R. § 752.401(b)(11); *see also* 5 C.F.R. § 362.107(f) ("[S]service in a Pathways Program confers no right to further employment in either the competitive or excepted service.").

We also agree with the administrative judge that, because the maximum permissible period for his Pathways appointment had expired several months before, and the agency never converted him to an appointment in the competitive service, the appellant was not serving in a valid appointment at the time the agency separated him from service. ID at 6. Although the appellant was still working and getting paid, his working relationship with the agency was in an extra-legal status, not sanctioned by law. Because the appellant was not serving in a valid appointment on May 9, 2018, when the agency "terminated" his employment, the agency's actions on that date were not, nor could they have been, an adverse action within the Board's chapter 75 jurisdiction. Specifically, because the appellant's Pathways appointment had already terminated by operation of law and he had not received a new appointment under lawful authority, he did not meet the statutory definition of "employee" under 5 U.S.C. § 2105(a). The appellant "was not appointed in the civil service and, therefore, by the termination of the 'appointment' he has not suffered an adverse action as defined in 5 U.S.C. [chapter] 75." *Green v. Department of the Navy*, 11 M.S.P.R. 291, 294 (1982).[6] On review, the appellant also argues that he was not afforded

*E.g. Stewart v. Department of Transportation*, 2023 MSPB 18, ¶ 15. Competitive service probationers remain in the same competitive service position both before and after the expiration of their probationary periods; the only thing that changes is the individual's tenure status, which happens automatically by operation of law. *See* 5 C.F.R. § 315.202. In contrast, Pathways appointees who successfully complete their initial excepted service appointments must obtain a noncompetitive conversion to a position in the competitive service. This requires affirmative conduct by the employing agency. 5 C.F.R. §§ 362.107(c), (f), 362.305.

[6] The Office of Personnel Management amended the regulations governing the Pathways Programs, effective June 11, 2024. 89 Fed. Reg, 25,751 (Apr. 12, 2024). Among other changes, the amended regulations explicitly allow those in the Recent Graduates program to convert to a permanent or term position at a different agency under identified circumstances when the losing agency is unable to convert the individual. 5 C.F.R. §§ 362.107(c)(2), 362.305(c) (2024). In addition, the regulations now require

proper notice of his jurisdictional burden to nonfrivolously allege that he suffered an appealable action. PFR File, Tab 1 at 4. Even assuming that the appellant did not receive proper notice, the initial decision put him on notice and afforded him the opportunity to meet his jurisdictional burden on petition for review. *See Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007) (explaining that an initial decision can cure defective jurisdictional notice). Having considered the appellant's arguments, we agree with the administrative judge that he has not nonfrivolously alleged that he suffered an adverse action. Finally, although the appellant argues that the administrative judge should have determined whether he met the definition of an employee under 5 U.S.C. § 7511, PFR File, Tab 1 at 6, the appellant's status as an employee with adverse action appeal rights has no bearing on the question of whether he was actually subjected to an adverse action within the Board's jurisdiction, *Scull*, 113 M.S.P.R. 287, ¶ 10.

Accordingly, we affirm the initial decision, dismissing the appellant's appeal for lack of jurisdiction.

---

agencies making appointments under Pathways authority to establish a Pathways Policy, which must include a set of criteria and procedures specifying the timeline for making a determination regarding conversion of appointments to permanent or term positions. The agency must notify the Pathways Participant whether it will convert him/her no later than 60 days before the appointment is to end, and if the agency is unable to effect the conversion, its procedures "may include the actions it will take to assist a Participant in pursuing a conversion at another agency (when appropriate)." 5 C.F.R. § 362.104(a)(9) (2024). Had these regulations been in effect at the time the appellant's Recent Graduates appointment was coming to an end, the Navy would have been required to inform him whether it intended to convert him to a permanent or term position at least 60 days before the appointment's August 23, 2017 termination; presumably, this would have prevented the agency from continuing to employ the appellant in his position under an invalid appointment for 8 months after the Recent Graduates appointment had terminated.

**NOTICE OF APPEAL RIGHTS**[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.