**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC WILLIAMS,
               Appellant,

      v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBERS
DC-3330-18-0427-M-1
DC-3330-18-0427-C-1
DC-3330-18-0427-P-1

DATE: February 5, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Eric Williams</u>, North Charleston, South Carolina, pro se.

<u>Katherine Yourth</u>, Esquire, and <u>Daniel Moebs</u>, Esquire, Richmond, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before
the effective date of Acting Chairman Kerner's designation.

**FINAL ORDER**

The appellant filed petitions for review of the initial decisions, which ordered the agency to reconstruct the hiring process in his remanded Veterans'

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Employment Opportunities Act of 1998 (VEOA) nonselection appeal and dismissed his petition for enforcement and motion for damages as prematurely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Although the administrative judge adjudicated these appeals separately below, we JOIN them on review because the claims arise from the same nonselection, the facts are interrelated, and joinder will expedite processing without adversely affecting the interests of the parties. *See* 5 C.F.R. § 1201.36(b). We DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's compliance and damages claims to the Board's regional office for docketing as a petition for enforcement and a motion for damages.

## BACKGROUND

In February 2018, the appellant, a preference-eligible veteran, applied for a contract specialist position, announcement number DLAAVN-18-10138029-DE, with the agency's Defense Logistics Agency (DLA). *Williams v. Department of Defense*, MSPB Docket No. DC-3330-18-0427-I-1, Initial Appeal File (IAF), Tab 5 at 19-23, 36-38, 45. As part of an online assessment questionnaire, he

indicated that he did not possess the specialized experience required to qualify for the position. *Id.* at 19, 21. Because he selected that response, the online staffing system automatically deemed him ineligible for the position, and DLA did not consider the remainder of his application materials. *Id.* at 18, 24-38.

The appellant filed a VEOA appeal of his nonselection. IAF, Tab 1 at 5. After the Board denied his request for corrective action, he sought review before the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). IAF, Tab 6, Initial Decision at 2, 6; *Williams v. Department of* Defense, MSPB Docket No. DC-3330-18-0427-I-1, Final Order at 2-5 (Aug. 26, 2022); *Williams v. Department of Defense*, Case No. 22-2246, Notice of Docketing 5-14 (Fed. Cir. Sept. 23, 2022), ECF No. 1. The Federal Circuit reversed the Board and found that DLA violated the appellant's VEOA rights. *Williams v. Department of Defense*, No. 2022-2246, 2023 WL 3575987, at *1-2 (Fed. Cir. May 23, 2023). In particular, it found that it was improper for the agency to rely exclusively on the appellant's responses to its automated staffing system in determining the appellant was not qualified. *Id.* at *2. The Federal Circuit reasoned that, under 5 U.S.C. § 3311(2), the agency was required to assess the application materials he submitted, which reflected that he did, in fact, have the required experience. *Id.* It remanded the appeal for the Board "to craft appropriate relief." *Id.* The Board, in turn, remanded the appeal to the regional office. *Williams v. Department of Defense*, MSPB Docket No. DC-3330-18-0427-M-1, Remand Appeal File (RF), Tab 2 at 1.

The administrative judge issued a remand initial decision on January 31, 2024, ordering the agency to reconstruct the selection process for the contract specialist position. RF, Tab 17, Remand Initial Decision (RID) at 5. The appellant filed a petition for review of that decision on February 23, 2024. *Williams v. Department of Defense*, MSPB Docket No. DC-3330-18-0427-M-1, Remand Petition for Review (RPFR) File, Tab 1. He also filed a pleading seeking enforcement of the remand initial decision and liquidated damages. RF, Tab 18

at 4-6. The administrative judge separately docketed the pleading as a petition for enforcement (MSPB Docket No. DC-3330-18-0427-C-1) and a motion for damages (MSPB Docket No. DC-3330-18-0427-P-1). The administrative judge issued separate initial decisions finding that the appellant prematurely filed these requests because the remand initial decision granting corrective action was not yet final. *See Williams v. Department of Defense*, MSPB Docket No. DC-3330-18-0427-C-1, Compliance File (CF), Tab 11, Compliance Initial Decision (CID) at 1, 3; *Williams v. Department of Defense*, MSPB Docket No. DC-3330-18-0427-P-1, Damages File, Tab 4, Addendum Initial Decision (AID) at 1, 3.

The appellant has filed a petition for review of the remand initial decision. RPFR File, Tab 1. The agency has responded to the petition for review, and the appellant has replied. RPFR File, Tabs 3-4. The appellant also filed identical petitions for review of the initial decisions finding his compliance and damages requests premature. *Williams v. Department of Defense*, MSPB Docket No. DC-3330-18-0427-C-1, Compliance Petition for Review (CPFR), Tab 1; *Williams v. Department of Defense*, MSPB Docket No. DC-3330-18-0427-P-1, Damages Petition for Review (DPFR) File, Tab 1. The agency has filed separate responses to the petitions for review in the two appeals. CPFR File, Tab 4; DPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge abused her discretion in denying discovery in his remanded appeal. RPFR File, Tab 1 at 5-6. He also requests interim relief. *Id.* at 9-10. The appellant also alleges that he is entitled to liquated damages because the agency's original decision not to hire him was the result of its willful failure to look beyond his responses to the online questionnaire and because the agency took more than 20 days to reconstruct the hiring process as required by the remand initial decision. *Id.* at 7-9; CPFR File, Tab 1 at 5; DPFR File, Tab 1 at 5. He questions the integrity of the reconstructed

hiring process. RPFR File, Tab 1 at 4-5, 7; CPFR File, Tab 1 at 4-5; DPFR File, Tab 1 at 4-5.

<u>The administrative judge did not abuse her discretion when she denied discovery in MSPB Docket No. DC-3330-18-0427-M-1.</u>

The appellant argues that the administrative judge abused her discretion in denying his requests to engage in discovery after the Federal Circuit reversed the Board's decision in the underlying appeal and remanded the case to the Board. RPFR File, Tab 1 at 5-6; RID at 4 n.2; RF, Tab 15 at 2-4. An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 71. Here, the appellant requested discovery "regarding the hiring process for the contract specialist position . . . to assist [him] in better understanding the hiring process and the selection process." RF, Tab 8 at 3. He further reasoned, both below and on review, that he needed this information to ensure the agency properly reconstructed the hiring process for the contract specialist vacancy at issue. RF, Tab 12 at 4-5, Tab 14 at 4-6; RPFR File, Tab 1 at 7.

We discern no abuse of discretion. The Federal Circuit found that the appellant prevailed in the claim at issue. *Williams*, 2023 WL 3575987, at *2. The court remanded the appeal "for the Board to craft the appropriate relief." *Id.* VEOA requires the Board to do more than merely provide a remedy for a past wrong; it mandates that the Board "shall order the agency to comply with" the violated provisions and award compensation for any loss of wages or benefits suffered by the individual by reason of the violation. *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 18 (2006) (quoting 5 U.S.C. § 3330c(a)). In addition, VEOA provides that the Board "shall award an amount equal to backpay as liquidated damages" if it determines that the "violation was willful." 5 U.S.C. § 3330c(a); *Walker*, 104 M.S.P.R. 96, ¶ 18. Therefore, the Board must craft a remedy for a veterans' preference violation that (1) allows the appellant to

compete under merit system principles for the position; (2) allows the Board to determine whether the appellant suffered any loss of wages or benefits by reason of the violation; and (3) assuming that the Board finds that the violation was willful, allows the Board to determine whether the appellant might be entitled to back pay for the purposes of awarding liquidated damages. *Lodge v. Department of the Treasury*, 107 M.S.P.R. 22, ¶ 14 (2007). Reconstruction of the selection process is the appropriate remedy that allows the Board to make the necessary determinations regarding the scope of relief. *Id.*

The discovery requested by the appellant concerned the agency's compliance with an order to reconstruct the hiring process. RF, Tab 15 at 2-4. However, no such order had yet been issued. *Id.* at 3. The administrative judge properly advised the appellant that once she ordered the reconstruction, he had a right to file a petition for enforcement, in which he could renew his request for discovery regarding the agency's compliance. *Id.* at 3-4. We find that the appellant has shown no error by the administrative judge regarding this discovery ruling.

Additionally, even if the administrative judge abused her discretion with respect to her rulings below, the appellant must show how that error affected the result reached in his appeal. *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd per curiam*, 324 F. App'x 883 (Fed. Cir. 2009). An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Id.*, ¶¶ 14-15 (determining that the appellant failed to show that the administrative judge abused his discretion by not extending the discovery period when the appellant failed to show how the information he sought would have affected the administrative judge's finding that the Board lacked jurisdiction over the appeal). It is undisputed that the agency has completed the reconstruction process and offered the appellant the contract specialist position, which he has accepted. RPFR File,

Tab 3 at 7-8; CF, Tab 8 at 187-89; CPFR, Tab 1 at 5.  Accordingly, we conclude that the appellant has shown no basis upon which to disturb the initial decision.

## The appellant was not entitled to interim relief.

The appellant also contends that he is entitled to interim relief.  RPFR File, Tab 1 at 9-10.  Here, the administrative judge did not address interim relief in the initial decision.  RID at 5.  Generally, when an initial decision is silent on the issue of interim relief, the appellant becomes entitled to interim relief by operation of statute.  *Stewart v. Department of Transportation*, 2023 MSPB 18, ¶ 10.  However, for the reasons set forth below, we find that interim relief was not appropriate in this case.

The Board has previously declined to address whether interim relief is appropriate in a VEOA appeal.  *See Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶ 5 n.2 (2002), *aff'd per curiam*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).  We need not resolve that issue here because we find that even if interim relief might be available in some VEOA appeals, it is not appropriate here.  It is a fundamental element of interim relief that the appellant be reinstated with pay effective as of the date of the initial decision.  *Id.* However, the Board has found that there are circumstances in which it is inappropriate to order interim relief.  *Id.*  In particular, the Board has found interim relief inappropriate where it is clearly impractical or is outside the scope of the Board's authority to provide the relief ordered.  *Id.*  We find such to be the case here.  At the time that the initial decision was issued, neither the Board nor the agency had determined that the appellant was entitled to the contract specialist position at issue.  Therefore, it was not practical to order the agency to place him in the position pending its reconstruction of the hiring process.

## We agree with the administrative judge's decision to deny the appellant's petition for enforcement and motion for damages as prematurely filed.

The appellant filed a motion of "enforcement," which the administrative judge docketed as two separate appeals and dismissed as prematurely filed.

RF, Tab 18. On review, the appellant does not explicitly address the dismissal of his petition for enforcement and motion for damages or address the administrative judge's finding that the remand initial decision is not yet final. Instead, he generally expresses confusion over why the administrative judge has ordered the agency to reconstruct the hiring process without overseeing the agency's compliance and repeats that he believes he is entitled to damages for the agency's "willful" actions. CPFR File, Tab 1 at 4-5; DPFR File, Tab 1 at 4-5.[2]

The record reflects that the appellant accepted the contract specialist position on March 5, 2024, after the hiring process was reconstructed. CF, Tab 8 at 187-89. The agency also determined that the appellant was eligible for back pay. *Id.* at 190. Despite these developments, the appellant does not address that he has accepted the position or that he was deemed eligible for backpay by the agency. Regardless, as found by the administrative judge, the adjudication of this compliance issue is premature because there was no final order from which a petition for enforcement could be filed. CID at 2-3; *see Flaherty v. U.S. Postal Service*, 68 M.S.P.R. 637, 638 (1995). It is also premature because the appellant's entitlement to back pay could only be known after a determination was made that he should have been selected for the job. *Dean v. Department of Agriculture*, 99 M.S.P.R. 533, ¶ 45 (2005). Thus, we agree with the administrative judge's decision to dismiss the petition for enforcement as prematurely filed. CID at 3; *see* 5 C.F.R. §§ 1201.182(a) (providing that a party may petition the Board for enforcement of a final decision or order issued under the Board's appellate jurisdiction), 1208.3 (providing that the Board generally

---

[2] The appellant also indicates that he does not "understand[] or trust[] the administrative judge." CPFR, Tab 1 at 5. There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). The appellant has not identified any personal animosity or favoritism towards him or the agency. CPFR File, Tab 1 at 5. We detect no bias in the initial decisions and infer none from the administrative judge's conduct in this case.

applies its regulations regarding enforcement in 5 C.F.R. part 1201 to VEOA appeals).

The appellant also asserts on review that he is owed "willful damages" due to the agency's actions. RPFR File, Tab 1 at 7-9. To the extent the appellant is alleging he is entitled to liquidated damages at this stage, we agree with the administrative judge's determination that this claim is premature. AID at 2-3. A determination on the amount of liquated damages, if any, cannot be determined until the individual's entitlement to a position has been decided and the entitlement to lost wages or benefits established. *See Dow v. General Services Administration*, 116 M.S.P.R. 369, ¶ 14 (2011). This is because the remedy for a willful VEOA violation is liquidated damages equal to the amount of back pay. 5 U.S.C. § 3330c(a); *Dow*, 116 M.S.P.R. 369, ¶ 14.

Because we are denying the appellant's petition for review of the remand initial decision, that decision is now final, and the appellant's petition for enforcement and motion for liquidated damages are now ripe. Therefore, we forward the compliance and damages claims to the regional office for adjudication. *See, e.g., As'Salaam v. U.S. Postal Service*, 65 M.S.P.R. 417, 422-23 (1994).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         *Gina K. Grippando*
                                       _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.